## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

MALKA GREENFELD, individually and on behalf of all others similarly situated,

Plaintiff,

-v.-

Second Round Sub, LLC and JOHN DOES 1-25,

Defendants.

C.A. No:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Malka Greenfeld (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Second Round Sub, LLC. (hereinafter "Defendant Second Round"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### <u>INTRODUCTION</u>

1.  Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings, residing at 5817 21st Ave, Brooklyn, NY 11204-2006.

8.      Defendant Second Round is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

9.      Upon information and belief, Defendant Second Round is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

   a.   all individual consumers with addresses in the State of New York;

   b.   to whom Defendant Second Round sent an initial collection letter attempting to collect a consumer debt;

   c.   regarding collection of a debt;

   d.   that included deceptive threats that the Defendant may submit a negative credit bureau report, overshadowing the "g-notice";

   e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

     a.     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to June 9, 2020, an obligation was allegedly incurred by Plaintiff to Comenity Bank.

22.     The alleged Comenity Bank obligation arose out of a transaction involving an alleged debt incurred by Plaintiff in which Plaintiff used funds for purchases which were primarily for personal, family or household purposes, primarily a J. Crew credit card account.

23.     The alleged Comenity Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Comenity Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     Defendant Second Round, contracted with Comenity Bank to collect the alleged debt.

### *Violation  – June  9, 2020 Collection Letter*

26.     On or about June 9, 2020, Defendant Second Round sent the Plaintiff a written communication (the "Letter") seeking to collect the alleged debt.  See Letter attached hereto as Exhibit A.

27.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

28.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

29.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the

proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." <u>Russell</u>, 74 F.3d at 34.

30.     The letter states "We may report information about your account to credit bureaus. This information may already appear on your credit report;"

31.     This language completely overshadows the "G-Notice" by scaring Plaintiff into making payment immediately to avoid negative credit reporting instead of exercising his statutory right to dispute the debt as provided by the FDCPA.

32.     This language is threatening to the consumer and coerces payment from the consumer by making threats during the initial thirty-day period.

33.     Moreover, the threat is deceptive because it says that Defendant "may" report the account to the credit bureaus which implies this has not been done yet, and then contradicts itself by saying that the information "may already appear on your credit report."

34.     Defendant knows if they have reported Plaintiff's information is on the credit report and it is deceptive to confuse and scare the Plaintiff by claiming that they may report the information if they have already done so.

35.     In the alternative, that Defendant has not reported the information at all to the credit bureaus, it is deceptive to imply that that the information may already appear on the report.

36.     The Defendants have failed to provide the consumer with a statutorily compliant initial communication letter.

37.     Plaintiff has suffered an informational injury as she was not provided with the information statutorily required to be included in the initial communication letter from Defendant.

38.     As a result, Plaintiff could not make an informed decision regarding her rights and options involving the alleged debt.

39.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendant violated §1692e:

   a.   As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b.   By making a false and misleading representation in violation of §1692e(10).

44.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47.      Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48.   The Defendant violated 15 U.S.C. §1692g, by threatening negative credit reporting, which overshadows the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA.

49.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Malka Greenfeld, individually and on behalf of all others similarly situated demands judgment from Defendant Second Round as follows:

1.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.   Awarding Plaintiff and the Class statutory damages;

3.   Awarding Plaintiff and the Class actual damages;

4.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.   Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
April 28, 2021

/s/ Raphael Deutsch
By:  Raphael Deutsch, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Attorneys for Plaintiff